(28 Misc. Rep. 373.)

## In re MILLER.

(Surrogate's Court, Rensselaer County. July, 1899.)

WILLS—REVOCATION OF PROBATE—SCOPE OF DECREE.

Under Code Civ. Proc. §§ 2647–2652, which give the surrogate court jurisdiction, on petition therefor, to revoke the probate of a will of personal property if found for any reason invalid, a decree revoking the probate of a will which disposes of both real and personal property, so far as it relates to personal property, extends to a clause of such will revoking all former wills, and a former will may be proved, and becomes operative as a disposition of the testator's personal estate.

Petition of Anna M. Miller for letters of administration on the estate of John Keefe, deceased, and petition of Margaret Keefe, respondent, for probate of will of the decedent. Order granted for proof of will.

Chas. Irving Oliver (Albert C. Tennant, of counsel), for petitioner.

Robert W. Hardie, for respondent and petitioner for proof of will, Margaret Keefe.

COMSTOCK, S. This case presents but the single question whether the clause in the will of June 5, 1898, revoking all former wills made by testator, stands, and thus cancels the will of 1883, presented by Margaret Keefe for probate, or, in legal effect, does not the recent decision of this court revoking the probate of said will of 1898 extend to and include said clause, at least so far as it relates to or concerns personal property of the deceased? It is contended on behalf of the petitioner for letters of administration herein that it does not, for the reason that the surrogate had no jurisdiction or power to do more than to revoke the probate so far as the legacies and bequests of the will are concerned, and that this clause, not being a disposal one, does not fall within the condemnation of the decree. This view is altogether too narrow. There is nothing either in the provisions of the Code of Civil Procedure nor upon principle which sustains it. On the contrary, sections 2647 to 2652, inclusive, give to the surrogate full and absolute power as to wills of personal property, and to every part thereof relating to the personal estate of the testator, the only reservation being as to the real estate. No good reason has been or can be presented why a court having jurisdiction to revoke a decree of probate of a will as to all of its gifts and bequests on the ground that it was not the will of the deceased should not have equal power as to any and every clause therein which relates to or concerns personal property. No such limitation can be found in the above section. On the contrary, so far as the will relates to personal property, either directly or indirectly, the surrogate has jurisdiction to revoke the probate thereof as an entirety, and thus destroy its character as a will. This is so whether the paper relates exclusively to personal or whether it relates to both real and personal. So far as it does relate to personal property it is a will of personal property, and to that extent the probate thereof may be revoked. The obvious purpose of the framers of these provisions was to exclude from the

power and jurisdiction of the surrogate, and from the effect of his decree of revocation, the real estate of the testator. Section 2647 provides that "a person interested in the estate   *   *   *   may present to the surrogate's court in which a will of personal property was proved a written petition   *   *   *   containing allegations against the validity of the will,   *   *   *   and praying that the probate thereof may be revoked." Section 2652 provides: "If the surrogate decides that the will is not sufficiently proved to be the last will of the testator, or is, for any reason, invalid, he must make a decree revoking the probate thereof." There is nothing here which, even by implication, limits the surrogate to the actual disposing clauses of the will, but the power is given broadly to deal with the whole instrument as an entirety so far as personal property is concerned. A testator has a right to incorporate in his will a clause revoking all former wills or a former will, and the same is often of great importance, not as a devise or bequest, but as annulling and canceling devises and bequests, which, were .it not therefor, might be operative. In other words, it may change entirely the direction of the decedent's property, or part thereof, and it cannot be said that such a clause does not relate to or concern his estate, either real or personal, or both, as the case may be. The present case affords an illustration, for, if the will of 1883 is revoked by the clause in the will of 1898, the personal goes to the next of kin of John Keefe; otherwise, if the former will be valid, it goes to his sister Margaret and his nephew thereunder. It may well be the surrogate would have no jurisdiction to revoke such a clause whereby a former will devising real estate only was revoked by the testator, for in such case the clause would relate to and concern the title to realty as devised by the former will; and the decision in respect to such title, and who would take the same, whether under the former will or not, would be necessarily involved in his determination whether the revoking clause fell or not under his decree. But where nothing but personal property is concerned the surrogate has jurisdiction to make a decree revoking the probate of the will in toto, and, if such clause related to and concerned a will of both real and personal, it can be revoked so far as it relates to the latter. In this case the testator, by his said will of 1898, disposed of all of his real estate; and that will, and the probate thereof, so far as the realty is concerned, stands as valid, and hence the said clause of revocation relates, and can relate, to personal property only, and to that extent it falls within the decree of revocation. An order may be entered upon the petition of Margaret Keefe for the probate of the will of 1883 as a will of personal property for citation thereon, and the petition for letters of administration upon his estate will stand over until the determination of the matter under the first-mentioned petition.

Decreed accordingly.